### GOLDSTEIN v. NOBLE.

(First Division.  Juneau.  October 2, 1920.)

No. 1286–A.

1. **Mines and Minerals** ⟨⇒⟩ 112(2)—Liens on Mining Claims—Nonlienable Items.

Meat, or other provisions, furnished for the subsistence of the men working on a mining claim, do not come under the head of materials furnished for which a lien is allowable by statute.

2. **Mines and Minerals** ⟨⇒⟩ 114—Lien Notice—Statute—Construction.

A lien notice which claims a lien for supplies furnished or labor performed "in connection with the work done upon mining claims," is not a compliance with the statute, which requires the notice must state that the work done or materials furnished were for the development of the mining claim. The statute must be strictly construed.

Hellenthal & Hellenthal, of Juneau, for plaintiff.
Winn & Burton, of Juneau, for defendant.

JENNINGS, District Judge. This suit, as shown by the amended complaint, is one to foreclose liens upon certain groups of mining property situated in Juneau district.

The first claim sought to be foreclosed is that of the Alaska Meat Company for meat alleged to have been furnished

"in connection with the development work and labor performed upon said groups of mining claims during the summer of 1914."

The second lien sought to be foreclosed is that of George F. Forrest for "goods, wares, and merchandise and for labor performed in connection with the development work and labor performed upon said groups of mining claims during the summer of 1914."

The third lien sought to be foreclosed is that of Wicklander & Lagergreen, copartners, for "goods, wares, and merchandise furnished and labor performed * * * in connection with the work done upon" said claims.

To the amended complaint in this case a demurrer has been introduced, on the ground that all of said lien claims are defective, and, in addition, as to the claim of the Alaska Meat Company, that said claim is made for nonlienable goods; the contention being that meat furnished does not come under the head of materials.

That meat or other provisions furnished for the subsistence of the men working on a mining claim do not come under the head of materials furnished is well settled.

As to the lien of Forrest, it is sufficient to say that the lien notice is fatally defective, in that it does not specify that the materials furnished or the work done were furnished or done respectively for the development of the mining claims. The lien notice is simply to the effect that these materials were furnished and the labor was done "in connection with the work done upon the claims." The law giving a materialman or mechanic's lien is to be strictly construed, and when the statute says that a materialman or a laborer has a lien for work done in the development of the claim it is susceptible of no other construction than that the material furnished and the work done must be for the development and must be stated to be for the development of the claims. To say that the work was done in connection with the work done upon claims is not to state that the work is done for the development of the claims.

The demurrer, therefore, will be sustained.